UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Sterling and Camille Love,                                         Case No. 05-89768
                                                                   Chapter 13
                    Debtors.                                       Hon. Phillip J. Shefferly
_____/

# OPINION GRANTING IN PART AND DENYING IN PART
# APPLICATION FOR FEES FOR DEBTORS' COUNSEL

### I.

On December 5, 2005, the Debtors filed a Chapter 13 petition. On February 15, 2006, the Debtors' Chapter 13 plan was confirmed by this Court. On February 23, 2006, Frego & Brodsky, PLC ("Applicant") filed an application for fees as the attorneys for the Debtors in this case. The application seeks fees in the amount of $2,517.25 and costs in the amount of $176.56 for a total award of $2,693.81. On March 15, 2006, the Trustee filed objections to the application. On April 1, 2006, the Applicant filed a response to the objections. On April 4, 2006, the Court held a hearing with respect to the application and the Trustee's objections. The Court took the matter under advisement at that time. Following the hearing, pursuant to the Court's instruction, the Applicant submitted additional exhibits to the application consisting of biographical statements of seven attorneys employed by the Applicant.

### II.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

III.

Section 330(a)(1)(A) provides that the Court may award "reasonable compensation for actual, necessary services rendered by . . . [a] professional person, or attorney and by any paraprofessional person employed by any such person . . . ." Section 330(a)(3) sets forth a number of non-exclusive factors for the Court to consider in determining the amount of reasonable compensation to be awarded:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The Sixth Circuit Court of Appeals has directed that the lodestar method should be used by bankruptcy courts in determining reasonable attorney fees under § 330(a) of the Bankruptcy Code. Boddy v. United States Bankruptcy Court (In re Boddy), 950 F.2d 334, 337 (6th Cir. 1991). The

lodestar method requires the Court to calculate an award of attorney's fees by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. Id.

IV.

The Trustee's objections consist of 12 separately numbered paragraphs. The Court will address them in sequence.

The Trustee first objects to the "overall fees" and states that they are "excessive and unreasonable." The Court overrules this objection. The fees sought by the Applicant in the amount of $2,517.25 are within the range that the Court generally sees for Chapter 13 cases in this district, albeit at the higher end of that range.

Second, the Trustee objects to the hourly rates of two of the Applicant's attorneys: Glen Turpening at $195 per hour and Josh Sanfield at $195 per hour. The Trustee asserts that these hourly rates are unreasonable in comparison to rates charged by comparable attorneys at firms in the community for similar work performed. In addition, the Trustee points out that the Applicant did not attach the biographical statement for each of these attorneys as required by L.B.R. 2016-2 (E.D.M.). Although biographical statements are required under L.B.R. 2016-1(b)(11) for fee applications filed by attorneys in Chapters 7, 9, 11 or 12, L.B.R. 2016-2 does not require such biographical statements for attorneys filing fee applications in Chapter 13 cases.[1] After the hearing on April 4, the Applicant did submit biographical statements for Turpening and Sanfield. After

---

[1] In the colloquy between the Court and James P. Frego of Applicant at the hearing, the Court incorrectly read the Local Rules to require biographical statements for attorneys in Chapter 13 cases as well as in other cases. Although not required by the Local Rules, a biographical statement for an attorney is helpful in any bankruptcy case to evaluate the hourly fees charged by such attorney.

-3-

reviewing the biographical statements for those attorneys, the Court agrees with the Trustee's objection that the hourly rates charged for them appear to be excessive in light of their levels of experience and in comparison to the hourly rates charged by other attorneys with similar qualifications for Chapter 13 cases in this district with similar experience.

Both Turpening and Sanfield are relatively new attorneys. According to the biographies submitted by Applicant for each of them, they each became licensed to practice law in 2003. The Applicant does not offer any explanation as to why their hourly rates are the same as the hourly rate charged by Applicant for Sonya Goll, one of Applicant's attorneys who has been licensed to practice law since 2000 and has much more extensive experience than either Turpening or Sanfield. Similarly, the Applicant offers no explanation as to why it charges the same hourly rate for Eva Goldstein, another one of its attorneys, who again has much more extensive experience than Turpening or Sanfield and has been licensed to practice law since 2001. The hourly rates charged by Applicant for Goll and Goldstein seem to the Court to be more in line with the hourly rates charged by other attorneys for Chapter 13 cases in this district with similar experience. The hourly rates charged by the Applicant for Turpening and Sanfield are not reasonable in light of their experience, their years of practice, the rates charged by Applicant for its other attorneys, and the Court's own experience with fee applications filed in other Chapter 13 cases on the Court's docket. In view of all of those factors, and lacking any other information on which to conclude that the requested rates are reasonable, the Court considers an hourly rate of $175 per hour to be a reasonable rate for both Turpening and Sanfield. To the extent that the rates charged by the Applicant exceed $175 per hour for Turpening and Sanfield, the Court sustains the Trustee's objection. `

The Trustee's third objection questions the "overall reasonableness of the fees in light of the

number of different members of counsel's firm which performed services in this file." The Trustee's generalized objection expressed in this paragraph is not persuasive to the Court as it does not identify any specific line items for duplicate services rendered by the Applicant. While overstaffing a file can create inefficiencies and duplications, it does not appear to the Court from the application in this case that any of the charges of the Applicant should be disallowed as duplicative or unnecessary because of the staffing of this file by the Applicant.

The Trustee's fourth objection pertains to nine separate time entries for Jennifer D. Crump, all dated December 5, 2005, aggregating 1.8 hours for a total amount of $144. The biographical statement submitted by the Applicant for Crump does not describe her educational qualifications, but does describe her as a "legal assistant." However, all of the entries by Crump on December 5, 2005 appear to the Court to be clerical in nature. Each of them consists of Crump having "prepared" a document based on information supplied by the Debtors. None of them appear to describe a service by a professional or paraprofessional person but appear to be more secretarial or clerical in nature. Accordingly, the Court sustains the Trustee's objections to these entries and reduces the Applicant's fees by $144.00.

The Trustee's fifth objection pertains to Crump's hourly rate of $80 per hour. However, this objection is rendered moot as all of the time entries for which the Applicant seeks compensation for Crump's services are disallowed as clerical in nature. The application identifies two other time entries by Crump but states that the Applicant specifically does not seek to charge any of this time to the estate. Accordingly, the Court need not rule upon the reasonableness of Crump's hourly rate.

The sixth objection filed by the Trustee pertains to a one hour time entry on December 5, 2005 for $70 charged by the Applicant for Christine M. Lamothe to attend a "meeting with Client(s)

05-89768-pjs    Doc 36    Filed 07/20/06    Entered 07/20/06 16:09:17    Page 5 of 9

regarding mandatory credit counseling; includes review of bankruptcy briefing information from counseling service with clients to ensure compliance." Initially, the Court notes that no biographical statement has been supplied for Lamothe, so the Court has no information regarding her professional qualifications. In any event, the Court agrees with the Trustee's observation that the attendance by a debtor at a mandatory credit counseling session does not require attendance by a person from the Applicant's law firm. As a law firm that files consumer bankruptcy cases with regularity, the Applicant is of course familiar with the credit counseling requirements imposed by Congress under BAPCPA. The Court knows of no reason why yet another layer of cost for that mandatory credit counseling should be added to the estate by having a person from the Applicant's law firm also attend the credit counseling. Accordingly, the Court sustains the Trustee's objection to the charge on December 5, 2005 for attendance at a meeting regarding mandatory credit counseling and reduces the Applicant's fees by $70.

The Trustee's seventh objection pertains to a specific line entry on December 19, 2005 regarding the preparation of a Chapter 13 plan for filing by Sonya Goll, one of the attorneys for the Applicant. The Trustee asserts that this line item is duplicative, clerical in nature, and could have been performed by a professional person having a lower hourly billing rate than the attorney. After examining the application, the Court concludes that the service was not duplicative nor does it appear to be clerical in nature. The time charged indicates that attorney Goll made changes to a Chapter 13 plan based upon the attorney's "review and evaluation." That is not clerical in nature but instead is the very type of service that the Court considers necessary in representation of a Chapter 13 debtor. Accordingly, the Court overrules this objection.

The Trustee's eighth through eleventh objections all pertain to the services performed by

persons at the Applicant firm in connection with the filing of papers electronically pursuant to this Court's ECF Procedures adopted by the Court on May 16, 2005 and amended from time to time thereafter. ECF Procedure 4(a)(1) provides that only an attorney admitted to practice in the United States District Court for the Eastern District of Michigan may register as a "Filer." However, the Trustee asserts that the performance of filing papers electronically is clerical in nature, no matter who the "Filer" is, and can be delegated to other personnel in the attorney's office. Accordingly, the Trustee argues that an attorney should not charge the same hourly rate for filing papers as may be charged by that attorney for legal services.

This issue has arisen in other cases before this Court and it was because of this issue that the Court took this application and the Trustee's objections under advisement. After this issue was raised in this and other cases, the entire bench for the Bankruptcy Court for the Eastern District of Michigan examined the Court's ECF Procedures and consider this objection in light of them. To resolve this issue in this and in other cases, and in the interest of uniformity for practitioners in this district, the Court issued a Notice to Bankruptcy Practitioners Regarding Requests for Compensation for Time Expended by Attorneys Filing Papers in the Court's Electronic Filing System (ECF) on June 28, 2006. That notice was then published on the Court's website and distributed to practitioners in this district. The notice provides as follows:

> It has recently come to the Court's attention that there may exist some confusion over whether an attorney may be compensated for the time expended by that attorney electronically filing a paper in the Court's ECF systems. This notice is intended to address that issue.
>
> ECF Procedure 2(f) defines a "Filer" as an individual with an approved login and password, registered to use the ECF system in this Court under ECF Procedure 4(a). ECF Procedure 4(a)(1) provides that attorneys admitted to practice in the United States District Court for the Eastern District of Michigan shall register as

-7-

Filers in the Court's ECF system. That same ECF Procedure also provides that members of a Filer's staff are encouraged to participate in ECF training but will not themselves receive a separate login and password. ECF Procedure 4(d) provides that each Filer is required to protect the security of the assigned password. ECF Procedure 11(a) provides that an electronic filing of a paper is the equivalent of signing a paper for all purposes. ECF Procedure 11(c) provides that a Filer "shall not knowingly permit or cause to permit the Filer's . . . password to be used by anyone other than an agent specifically authorized by the Filer . . ."

The Court's ECF Procedures make clear that only an attorney may be a Filer. The attorney is responsible for the login and password. That does not mean, however, that only the attorney may perform the task of electronic filing. ECF Procedure 11(c) specifically provides authority for a Filer to authorize a secretary, clerical person or other agent of the Filer to use the Filer's password. The Court considers the performance of the electronic filing task itself to be a clerical task that can be delegated to personnel performing clerical services for such attorney and, as such, non-compensable. The Court does not consider the task of electronic filing to be a service required to be performed by an attorney. Accordingly, requests for compensation for an attorney's time in performing an ECF filing, pulling documents off of the ECF system via the internet, reviewing notices of electronic filing that merely confirm that a particular pleading has actually been filed, and pulling off of the internet ECF notifications of documents filed by such attorney, shall be denied.

For the reasons set forth in this Notice, the Court sustains the Trustee's 8, 9, 10 and 11 objections to the Applicant's fee application.

The Trustee's twelfth and remaining objection pertains to the preparation of the fee application to the extent that such services exceed 5% of the net fees awarded by this Court. The Applicant agrees with that objection in its response, but it does not appear to the Court that the 5% cap is exceeded in this case and, therefore, the Court overrules this objection.

To recap, the Court overrules the Trustee's objections contained in paragraphs 1, 3, 7 and 12, and sustains the Trustee's objections contained in paragraphs 2, 4, 6, and 8 through 11. The Trustee's objection contained in paragraph 5 is moot. The Applicant's fees then are reduced by the sum of $507.30 and the Applicant is awarded the sum of $2,009.95 for fees and $176.56 for costs.

The parties shall prepare and submit a separate order consistent with this opinion.

Not for publication.

**Entered: July 20, 2006**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**